## DILL v. ROCKWELL et al.

No. 12203—Opinion Filed Nov. 27, 1923.

**1. Oil and Gas — Reservation of Mineral Rights in Deed—Effect.**

A reservation of the oil and gas rights in the deed to the property conveyed is valid and entitles the grantor, when oil or gas is produced, to the oil and gas rights so reserved.

**2. Same — Controlling Decision.**

The identical question here involved was decided in the case of Dunlap et al. v. Jackson, 92 Okla. 246, 219 Pac. 314, which is approved and controls the case at bar.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Okfuskee County; Mark L. Bozarth, Judge.

Action by W. H. Dill against Fred Rockwell and M. J. Blackall to remove cloud from title of real estate. Judgment for defendants, and plaintiff appeals. Affirmed.

T. H. Otteson, for plaintiff in error.

A. L. Emery, for defendant in error.

Opinion by MAXEY, C. This is a suit brought for the purpose of having certain reservations in the deeds to certain real estate canceled as a cloud upon the title of plaintiff. The court below sustained a demurrer filed by defendants, and plaintiff elected to stand on his petition and refused to plead further and prosecutes his appeal to this court. It appears that on the 9th day of September, 1918, the defendants were the owners of the property or real estate in controversy, and on said date by their separate general warranty deeds sold and conveyed the lands herein involved to J. C. McMillan, who thereafter by his general warranty deed sold and conveyed the same property to the plaintiff herein. The deed executed by the defendant M. J. Blackall and one J. J. Moroney, who is not a party to this action, contained the following clause:

"Excepting all rights in the oil and gas within and under the said described land, which rights in the oil and gas are reserved to the parties of the first part."

The deed contains the usual covenants of warranties, except a lease conveying and relating to the oil and gas rights which are reserved in the above conveying clause and affects the southeast quarter of the southwest quarter of section seven, township thirteen north, range ten east. The deed executed by defendant Rockwell is practically identical with the deed executed by Blackall and Moroney but affects the west half of the southeast quarter of section seven, township thirteen north, range ten east, and the same reservations and exceptions appear in the deed executed by J. C. McMillan and wife. The petition alleges that the defendants are claiming some right or interest in the land, which claims are inferior to the right of plaintiff, but are clouds upon his title, and asked to have the same declared void and of no effect as against the plaintiff. The demurrer to plaintiff's petition raised the question of the validity of the reservations contained in said deeds; and that is the sole question involved on this appeal.

This question was before this court in the case of Dunlap et al. v. Pearl B. Jackson, 92 Okla. 246, 219 Pac. 314. In that case this court went into the question herein involved and reviewed the authorities from the various oil producing states which had passed on the questions of reservations in the oil and gas right under the surface, and after a thorough review of the authorities from the different states came to the conclusion that such reservations contained in deeds were valid, and that whenever oil and gas was produced and reduced to possession, the grantor is entitled to whatever part of the oil and gas he reserved in his deed; and that case, being the last expression of this court on this subject, is controlling in this case.

This case is, therefore, ruled by the case of Dunlap et al. v. Jackson, supra. Following that case we hold that the reservations in the deeds involved are valid and the court was right in so holding, and its judgment is, in all things, affirmed.

By the Court: It is so ordered.